UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-80980-CV-DIMITROULEAS

ANDREW W. LUSSON., Individually and
On Behalf of All Others Similarly Situated,

        Plaintiff,

vs.

PETMED EXPRESS, INC., MENDERES
AKDAG, and BRUCE S. ROSENBLOOM,

        Defendants.
_____/

CASE NO. 17-81019-CV-DIMITROULEAS

PAUL MARCHESE, Individually and on behalf
Of all others similarly situated,

        Plaintiff,

vs.

PETMED EXPRESS, INC., MENDERESE
AKDAG and BRUCE R. ROSENBLOOM,

        Defendants.
_____/

**ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFFS
AND APPROVING SELECTION OF COUNSEL**

      THIS CAUSE is before the Court upon the Notice of Motion by Paul Marchese and Michelle Gold for Consolidation, Appointment as Lead Plaintiffs, and Approval of Counsel (the "Motion") [DE 15]. The Court has carefully considered the Motion, notes that it is unopposed [DE 20], and is otherwise fully advised in the premises.

There are two pending securities class action lawsuits, as captioned above. Each of these actions is brought on behalf of all persons who purchased or otherwise acquired securities of PetMed Express, Inc. ("PetMed") between May 8, 2017 and August 23, 2017, inclusive (the "Class Period").The actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t ) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). .

Rule 23(a) of the Federal Rules of Civil Procedure requires as prerequisites for class action certification that:  (1) the claims or defenses of the representative parties are typical of the claims or defenses of the class and (2) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(3) and (4). The PLRSA provides for a presumption that the most adequate plaintiff is the person or group of persons that:  (1) has filed the complaint or timely moved; (2) has the largest financial interest in the relief sought by the class, as determined by the court, and (3) otherwise satisfies the requirements of Federal Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). That presumption is rebuttable only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff either will not fairly and adequately protect the interests of the class, or is subject to unique defenses such that the plaintiff cannot adequately represent the class. *See id.*

In 17-80980-CIV-WPD, two motions for appointment as lead plaintiff, approval of counsel, and for consolidation were filed. *See* 17-80980-CIV-WPD, [DEs 13, 15]. In 17-81019-CIV-WPD, no such motion was filed. Subsequently, the only competing movant, Richard S. Engle, filed a Notice of Non-opposition to Paul Marchese and Michelle Gold's Motion [DE 15], recognizing that Paul Marchese and Michelle Gold claim the largest financial interest in the relief sought by the putative class. *See*  [DE 20]. As Paul Marchese and Michelle Gold's Motion

[DE 15] is now unopposed, and the Court is satisfied that Paul Marchese and Michelle Gold have demonstrated the required elements for class representation and for approval of their chosen counsel, and that consolidation of the two actions is appropriate, the Court will grant the Motion.

1. The Motion [DE 15] is hereby **GRANTED**;

2. [DE 13] is **DENIED**;

3. Case No. 17-80980-CIV-WPD and Case No. 17-81019-CIV-WPD are hereby **CONSOLIDATED**;

4. On or before **December 11, 2017**, the parties shall submit a proposed schedule for the filing of a consolidated complaint and for the filing of any responsive pleadings to that consolidated complaint;

5. Every pleading and paper filed in these consolidated actions (the "Consolidated Action"), shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-80980-CIV-DIMITROULEAS**

In re PetMed Express, Inc. Securities Litigation
_____/

6. Case No. 17-81019-CIV-WPD shall be administratively **CLOSED** and any pending motions are **DENIED AS MOOT**. Any documents filed in Case No. Case No. 17-81019-CIV-WPD in the future shall be automatically stricken;

7. The Clerk shall place a copy of this Order in both 17-81019-CIV-WPD and Case No. 17-80980-CIV-WPD, thereby indicating that the cases have been consolidated;

8. Pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-(a)(3)(B), Paul Marchese and Michelle Gold are appointed as Lead Plaintiffs for the class;

9. Movants' choice of counsel is approved and accordingly, Pomerantz LLP is appointed as Lead Counsel and Sheperd Finkelman Miller & Shah LLP as Liason Counsel for the Class;

**DONE AND SIGNED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of November, 2017.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record